# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

September 19, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Brandon George Sherrod,**
**Petitioner Below, Petitioner**

**vs)   Nos. 13-1141 and 14-0232** (Kanawha County 13-P-415 and 13-P-678)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

In these consolidated appeals, petitioner Brandon George Sherrod, appearing *pro se*, appeals two orders of the Circuit Court of Kanawha County. In an August 23, 2013, order, the circuit court dismissed, without prejudice, his petition for a writ of habeas corpus pursuant to Rule 4(c) of the West Virginia Rules Governing Post-Conviction Habeas Corpus Proceedings. In a February 5, 2014, order, the circuit court dismissed, without prejudice, a subsequent habeas petition filed by petitioner pursuant to Rule 4(c).[1] Respondent Warden, by counsel Christopher S. Dodrill and Shannon Frederick Kiser, filed a summary response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is affirmed in part and reversed in part, and this case is remanded to the circuit court for appointment of counsel and a hearing on petitioner's claim of ineffective assistance of counsel.

This case arises out of the shooting death of an individual known as "Baby Goon." The victim was shot through his kitchen window. Trial testimony showed that petitioner and his co-defendant were driven to the home where the victim was located, and the two then stood outside the kitchen window. When the victim entered the room, petitioner and his co-defendant shot through the window. The co-defendant testified that he was only attempting to scare the victim, but that petitioner was deliberately aiming at the victim. The driver of the vehicle testified that after petitioner and his co-defendant returned, petitioner noted that he had shot the victim and later laughed about it. The jury returned a verdict finding petitioner guilty of first degree murder, but also recommended mercy. Accordingly, petitioner was sentenced to life in prison with the possibility of parole.

In *State v. Sherrod*, No. 11-1121, 2012 WL 5857302, at *1-2 (W.Va. Supreme Court,

---

[1] On May 8, 2014, this Court, on its own motion, consolidated petitioner's appeals of the denial of habeas relief because both habeas cases relate to the same underlying criminal case.

1

November 19, 2012) (memorandum decision), petitioner appealed from his conviction alleging (a) there was insufficient evidence to establish the element of premeditation to commit murder; and (b) the circuit court erred in refusing to grant a mistrial following the statement of a witness for the State with regard to petitioner's current incarceration. This Court rejected the assignments of error and affirmed petitioner's conviction. *Id.* In rejecting petitioner's insufficiency of the evidence argument, the Court determined that a rational trier of fact could have reasonably found that (1) petitioner's friend put a "hit" on the victim; (2) petitioner brought a gun to the scene; (3) petitioner later noted that he had shot the victim and laughed about it; and, therefore, (4) petitioner planned the murder. *Id.*

On July 31, 2013, petitioner filed a petition for a writ of habeas corpus that alleged (a) the State obtained the indictment against petitioner through perjury; and (b) counsel provided ineffective assistance. On August 23, 2013, the circuit court dismissed the petition pursuant to Rule 4(c) that provides, in pertinent part, as follows: "If the petition contains a mere recitation of grounds without adequate factual support, the court may enter an order dismissing the petition, without prejudice, with directions that the petition be refiled containing adequate factual support." Petitioner appeals the August 23, 2013, dismissal in No. 13-1141.

While his appeal in No. 13-1141 was pending, petitioner filed a subsequent habeas petition on December 12, 2013, which alleged that (1) counsel provided ineffective assistance; (2) overly gruesome crime scene and autopsy photographs were erroneously admitted; (3) the evidence was insufficient to support the jury's verdict; (4) petitioner was prejudiced by the admission of an unverified nineteen minute phone call in a foreign language; (5) prosecutors engaged misconduct by (a) using an unauthenticated recording of the nineteen minute phone call and (b) arguing to the jury that petitioner committed premeditated murder when the evidence did not support such arguments; (6) the recording of the nineteen minute phone call was not authenticated; (7) petitioner's motion for a judgment of acquittal should have been granted; and (8) petitioner was deprived of a fair trial because of cumulative error. On February 5, 2014, the circuit court dismissed this petition without prejudice pursuant to Rule 4(c). Petitioner appeals the February 5, 2014, dismissal in No. 14-0232.

We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 418, 633 S.E.2d 771, 772 (2006).

On appeal, petitioner concedes that the circuit court properly dismissed his petition in No. 13-1141 because it did not set forth adequate factual support for his grounds of relief. After an

independent analysis, we accept petitioner's concession on this point.[2] Accordingly, we affirm the circuit court's dismissal of petitioner's first petition in No. 13-1141.

However, petitioner asserts that the circuit court erred in dismissing his second petition, in No. 14-0232, because that petition supported petitioner's claims with adequate factual allegations. Respondent warden counters that while petitioner raised additional grounds and discussed more legal precedent in his second petition, petitioner's conclusory allegations were still insufficient to justify a habeas corpus hearing and the appointment of counsel. We agree with respondent warden as to all claims except for petitioner's claim of ineffective assistance of counsel.

First, we affirm the circuit court's decision to dismiss petitioner's second petition with regard to petitioner's claims that (1) the jury's verdict was not supported by sufficient evidence; (2) petitioner should have been granted a judgment of acquittal because evidence of premeditation was lacking; and (3) prosecutors improperly argued to the jury that petitioner committed premeditated murder when the evidence did not support such arguments. We find that petitioner may not now raise these three claims because, contrary to petitioner's argument, this Court's memorandum decision in *Sherrod* constituted a decision on the merits. *See* Rule 21(a), W.V.R.A.P. In *Sherrod*, the Court found that there was sufficient evidence that petitioner committed premeditated murder. *See* 2012 WL 5857302, at *1-2. Thus, we conclude that these claims have been previously and finally adjudicated.

We also affirm the circuit court's decision to dismiss the second petition with regard to petitioner's claims that certain evidence was erroneously admitted.[3] Evidentiary errors do not normally rise to the constitutional level. "A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed." Syl. Pt. 4, *State ex rel. McMannis v. Mohn,* 163 W.Va. 129, 130, 254 S.E.2d 805, 806 (1979), *cert. denied,* 464 U.S. 831 (1983). While there are exceptional cases, nothing in petitioner's allegations indicates that his is such a case. Therefore, we find that petitioner's challenges to the circuit court's evidentiary rulings are not reviewable in habeas corpus.

However, we reverse the circuit court's decision to dismiss the second petition with regard to petitioner's claim of ineffective assistance of counsel. Because the circuit court dismissed petitioner's first petition without prejudice pursuant to Rule 4(c), petitioner was permitted to refile his ineffective assistance claim provided that he set forth adequate factual allegations to support the claim. In the second petition, petitioner specifically alleged (1) counsel failed to call a witness to show that perjury was committed before the grand jury; (2) counsel failed to call additional fact and expert witnesses to support petitioner's theory of the case; (3) counsel failed to adequately

---

[2] *See* Syl. Pt. 8, *State v. Julius,* 185 W.Va. 422, 424, 408 S.E.2d 1, 3 (1991) ("This Court is not obligated to accept the State's confession of error in a criminal case. We will do so when, after a proper analysis, we believe error occurred.").

[3] Included in this category is petitioner's claim that prosecutors improperly used the recording of the nineteen minute phone call because it was not authenticated.

challenge various rulings that were prejudicial to petitioner's case; and (4) counsel failed to adequately investigate whether certain instructions should have been proposed. Ultimately, none of these claims may prove meritorious; however, they are sufficient to entitle petitioner a hearing on the claim of ineffective assistance of counsel.

In *State ex rel. Watson v. Hill*, 200 W.Va. 201, 204, 488 S.E.2d 476, 479 (1997), in directing the circuit court to hold a hearing on a habeas petitioner's ineffective assistance of counsel claim, this Court acknowledged that a judge who presided at trial is sufficiently familiar with the underlying proceedings to determine most habeas issues without a hearing.[4] However, the Court further explained that "[t]hose issues, such as incompetency of counsel, of which [the petitioner] would have been unaware at trial, must be litigated in a collateral proceeding." *Id.* (quoting *Losh v. McKenzie*, 166 W.Va. 762, 767, 277 S.E.2d 606, 610 (1981)). Therefore, we conclude that the circuit court abused its discretion in not holding a hearing on petitioner's ineffective assistance counsel claim.

For the foregoing reasons, we affirm the circuit court's August 23, 2013, order, dismissing petitioner's first petition in No. 13-1141, and we affirm in part and reverse in part the circuit court's February 5, 2014, order, dismissing petitioner's second petition in No. 14-0232. We remand this case for appointment of counsel and a hearing on petitioner's claim of ineffective assistance of counsel.[5]

Affirmed in Part, Reversed in Part, and Remanded with Directions.

**ISSUED:** September 19, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[4] Accordingly, we find petitioner's argument, that Judge King should not have presided in his habeas proceedings because he also presided in petitioner's criminal case, totally devoid of merit.

[5] A habeas corpus hearing does not occur until the petitioner is appointed counsel or knowingly and intelligently waives his right to counsel. *See* Syl. Pt. 1, *Losh*, 166 W.Va. at 762, 277 S.E.2d at 607.